```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

```
DIANNE KAMPINEN,                 )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No.  11 C 2888
                                 )
U.S. DEPARTMENT OF COMMERCE,     )
et al.,                          )
                                 )
          Defendants.            )
```

<u>MEMORANDUM</u>

During the June 23 hearing on the motion by plaintiff Diane Kampinen ("Kampinen") for leave to take an interlocutory appeal from this Court's denial of the appointment of a second lawyer to represent her,[1] this Court inquired of Kampinen as to what steps she had taken toward obtaining service on the numerous defendants named in her pro se lawsuit.[2] Kampinen responded that she had done everything necessary to make it possible for the United States Marshal's Service to handle the service of process.

Later in the day, however, this Court's minute clerk was advised that the Marshal's Service had returned the documents unserved because Kampinen had not in fact furnished all of the required documentation for that purpose.  This memorandum is

---

[1]  This Court is contemporaneously issuing its memorandum opinion and order memorializing its ruling on that motion.

[2]  When Kampinen filed the Complaint, she had provided the Clerk's Office only the original Complaint, without also submitting the required Judge's Copy for this Court's chambers file or the copies needed for serving defendants.

accordingly issued both to alert Kampinen to that problem and to set a date within which service must take place.

> Fed. R. Civ. P. ("Rule") 4(m) provides in relevant part:
>
> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be
> made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Because pro bono counsel had been appointed to represent Kampinen on May 5, 2011, this Court would have permitted the 120-day time clock to begin ticking on that date rather than the short time earlier when Kampinen had first tendered the Complaint. But given (1) appointed counsel's later withdrawal from Kampinen's representation and (2) the just-received information about the situation with the Marshal's Service, this Court sua sponte extends the time for Rule 4(m) to kick in until 122 days from today's date (until October 24, 2011). Kampinen is advised that this Court will then apply Rule 4(m) in accordance with its terms.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 24, 2011